# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 35th Floor
New York, NY 10036-4003
-and-
1180 Peachtree Street N.E. Ste. 1600
Atlanta, GA 30309-3521

Peter Isajiw
Partner
Direct Dial: +1 212 556 2235
Direct Fax: +1 212 556 2222
pisajiw@kslaw.com

Bobby Gray
Senior Associate
Direct dial: +1 212 556 2256
Direct Fax: +1 212 556 2222
bgray@kslaw.com

Peter Starr
Associate
Direct Dial: +1 404 572 2767
Direct Fax: +1 404 572 5100
pstarr@kslaw.com

*Case stayed pending decision from the JPML. Parties should advise the Court promptly after such decision. So ordered.*
*/s/ John G. Koeltl*
*9/1/19   U.S.D.J.*

August 30, 2019



**VIA ELECTRONIC CASE FILING**

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Steven Jeffrey Howitt v. Capital One Financial Corporation*, No. 1:19-cv-07161-JGK-JLC, U.S. District Court for the Southern District of New York

Dear Judge Koeltl:

Defendant Capital One Financial Corporation ("Capital One") respectfully request that the Court stay all proceedings and deadlines in this action pending resolution of the motions for transfer and consolidation under 28 U.S.C. § 1407 that are currently pending before the Judicial Panel on Multidistrict Litigation ("JPML"). The JPML will hear oral argument on the Section 1407 motions on September 26, 2019, and Capital One anticipates an order regarding transfer and consolidation of this case and other related cases to be issued shortly thereafter. Plaintiff have advised Capital One that Plaintiff agrees to the requested stay.[1]

---

[1] By this motion, seeking only to stay the proceedings in this case or to extend Defendants' response deadline, Defendants do not intend to waive, and hereby preserve, all defenses, including defenses based on lack of personal jurisdiction and lack of venue.

1

### *Procedural History*

This case is one of over 50 putative class actions filed in connection with the cyber incident that Capital One announced on July 29, 2019. Plaintiff filed the Complaint in this case on August 1, 2019. Capital One has not yet been served with the Complaint but has been in contact with Plaintiff's counsel and expects to execute a service waiver shortly.

On July 31, 2019, plaintiffs in a related case pending in the Western District of Washington, *Fadullon v. Capital One Financial Corporation, et al.*, Case No. 2:19-cv-01189 (W.D. Wash., filed July 30, 2019), filed a motion for consolidation and transfer under 28 U.S.C. § 1407 with the JPML in *In re Capital One Consumer Data Breach Litigation*, MDL No. 2915 (J.P.M.L. July 31, 2019) ("*In re Capital One*"). *See In re Capital One*, Dkt. No. 1. That motion seeks to have related actions consolidated with the *Fadullon* case and transferred to the Western District of Washington for pretrial proceedings. Subsequently, plaintiffs in other related cases have filed briefs in the *In re Capital One* matter that support transfer and consolidation but seek other transferee courts, including the Eastern District of Virginia, Alexandria Division (*id.* at Dkt. Nos. 5 and 7) and the District of the District of Columbia (*id.* at Dkt. No. 8). Numerous notices of related actions have also been filed in *In re Capital One*, and additional related cases continue to be filed and are in the process of being noticed to the JPML as potential tag-along actions.

### *A Stay Pending Decision from the JPML is Warranted*

Given that over 50 putative class actions have been filed, all related to the same underlying event and asserting the same or substantially similar factual allegations, the JPML is highly likely to grant the motions for transfer and consolidation. If it does, to promote judicial economy and conserve the parties' resources, this case will be consolidated with the other putative class actions for centralized pretrial proceedings in a single transferee court. Under these circumstances, "[i]t is common for courts to stay an action pending a transfer decision by the JPML." *Ritchie Capital Mgmt., LLC v. Gen. Elec. Capital Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015); *see also Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 370–71 (S.D.N.Y. 2013) (collecting cases and noting that "other federal courts have found that efficiency would be served in staying [similar suits] . . . pending JPML transfer"); *Med. Soc'y of N.Y. v. Conn. Gen. Corp.*, 187 F. Supp. 2d 89, 91-92 (S.D.N.Y. 2001) (granting stay in the interests of judicial economy and uniformity of legal obligations); *Clinton v. Gov't Employees Ins. Co.*, No. 2:16CV430, 2016 WL 9308421, at *1 (E.D. Va. Nov. 23, 2016) ("[C]ourts frequently grant stays in cases when an MDL decision is pending.") (internal quotation marks omitted); *Commonwealth of Virginia ex rel. Integra Rec LLC v. Countrywide Sec. Corp.*, No. 3:14CV706, 2015 WL 222312, at *3 (E.D. Va. Jan. 14, 2015) ("Courts frequently grant stays while awaiting a JPML decision about the inclusion of a pending case into an MDL . . . ."); *Bonefant v. R.J. Reynolds Tobacco Co.*, No. 07-60301-CIV, 2007 WL 2409980, at *1 (S.D. Fla. July 31, 2007) ("[I]t is common practice for courts to stay an action pending a transfer decision by the JPML."); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (granting stay pending JPML's ruling because "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel").

Capital One further notes that it has filed, or will file, a motion to stay in each of the related putative class actions until the JPML rules on the Section 1407 motions for consolidation and transfer. As of the time of filing, at least twenty of Capital One's motions to stay have been granted in other related cases. *See, e.g., Berger v. Capital One Fin. Corp.*, No. 1:19-cv-2298 (D.D.C. Aug. 22, 2019) (minute entry granting motion to stay pending JPML's decision regarding transfer); *Lipskar v. Capital One Fin. Corp.*, No. 1:19-cv-2328 (D.D.C. Aug. 22, 2019) (same); *Tadrous v. Capital One Fin. Corp.*, No. 1:19-cv-2292 (D.D.C. Aug. 22, 2019) (same); *Francis v. Capital One Fin. Corp.*, No. 8:19-cv-1898 (M.D. Fla. Aug. 21, 2019), Dkt. No. 11 (granting Capital One's motion and staying case until the JPML resolves the pending motion to consolidate and transfer); *Anthony v. Capital One Fin. Corp.*, No. 3:19-cv-608 (E.D. Va. Aug. 20, 2019), Dkt. No. 10 (same); *Dames v. Capital One Fin. Corp.*, No. 3:19-cv-607 (E.D. Va. Aug. 20, 2019), Dkt. No. 15 (same); *Cox v. Capital One Fin. Corp.*, No. 1:19-cv-1042 (E.D. Va. Aug. 20, 2019), Dkt. No. 6 (same); *Hun v. Capital One Fin. Corp.*, No. 1:19-cv-4436 (E.D.N.Y. Aug. 20, 2019) (minute entry granting Capital One's motion to stay); *Busby v. Capital One Fin. Corp.*, No. 1:19-cv-1062 (E.D. Va. Aug. 16, 2019), Dkt. No. 11 (granting Capital One's motion to stay); *Heath v. Capital One Fin. Corp.*, No. 3:19-cv-555-JAG (E.D. Va. Aug. 16, 2019), Dkt. No. 14 (granting opposed motion to stay and staying eight additional related cases pending decision from the JPML); *Hilker v. Capital One Fin. Corp.*, No. 1:19-cv-995-RDA-JFA (E.D. Va. Aug. 16, 2019), Dkt. No. 15 (staying related case pending decision from the JPML); *Aminov v. Capital One Fin. Corp.*, No. 1:19-cv-1006 (E.D. Va. Aug. 16, 2019), Dkt. No. 9 (same).

Here, too, a short stay of proceedings until the JPML resolves the pending Section 1407 motions will promote judicial economy and sound judicial administration, avoid duplicative pretrial proceedings and potentially inconsistent pretrial rulings, and prevent prejudice to all parties. Moreover, both Plaintiff and Capital One agree to a stay.

*      *      *

Capital One respectfully requests that this Court stay all proceedings in this matter until the JPML rules on the transfer of this case. In the alternative, should the Court decline to stay these proceedings, in order to afford Capital One adequate time to prepare an answer or response to the Complaint, Capital One requests that the Court extend its deadline to answer or respond to the Complaint to 30 days from an order denying the motion to stay. Capital One's deadline to respond to the Complaint has not been extended previously.

Respectfully submitted,

*/s/ Peter Starr*
Peter J. Isajiw
Bobby Gray
Peter Starr
*Counsel for Defendant Capital One*

3